UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CATHERINE FITCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) No. 1:13-CV-151<br>UNUM LIFE INSURANCE COMPANY )<br>OF AMERICA, ) Judge Curtis L. Collier<br>)<br>Defendant. )<br>) | |

## **ORDER**

Before the Court is Defendant Unum Life Insurance Company of America's ("Defendant") motion to transfer pursuant to 28 U.S.C. § 1404(a), requesting the Court to transfer this case to the United States District Court for the Northern District of Alabama, Middle Division (Court File Nos. 3). As cause, the parties argue a related case was previously heard in the Northern District of Alabama, no events occurred in Tennessee, and the Plaintiff resides in the Alabama. Plaintiff Catherine Fitch ("Plaintiff") responded to Defendant's motion stating she consents to transfer of venue (Court File No. 9).

This Court has broad discretion in considering a motion to transfer under § 1404(a). *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Under Title 28, United States Code Section 1404(a), the Court may, for the convenience of parties and witnesses, and in the interest of justice, transfer any civil action to any other district or division where it might have been brought. This analysis requires a two-step process. *Wood v. Novartis Pharmaceuticals Corp.*, No. 3:05-0716, 2005 WL 3050642, at *2 (M.D. Tenn. November 10, 2005). First, the Court must determine whether the action is one which could have been brought initially in the proposed transferee district. *Id*. Second,

the Court must examine whether the balance of interests favors transfer to the alternative forum. *Id*. When considering a motion to transfer, the Court "should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Exp., Inc*., 929 F.2d 1131, 1137 (6th Cir. 1991).

As is evident from the complaint and from Defendant's brief, these claims were previously brought in the Northern District of Alabama and were dismissed without prejudice. Furthermore, both Defendant argues the Northern District of Alabama will be more convenient with regard to the availability of the parties, witnesses, and documentary evidence. Plaintiff has provided no reason to doubt Defendant's representations. Therefore, the Court finds a transfer pursuant to § 1404 is warranted. Accordingly, the Court **GRANTS** the motion to transfer (Court File Nos. 3) and **ORDERS** venue in this matter be transferred to the United States District Court for the Northern District of Alabama, Middle Division

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**
.